{¶ 36} Respectfully, I dissent as to the majority's finding that a fence surrounding a scrap yard creates an "unoccupied structure" sufficient to sustain a conviction for breaking and entering. The apposite facts are undisputed: appellant Chambers entered into a fenced-in scrap yard and was indicted for breaking and entering in violation of 2911.13(A) of the Ohio Revised Code.
 {¶ 37} R.C. 2911.13(A) reads as follows: "(A) No person by force, stealth, or deception shall trespass in an unoccupied structure with purpose to commit therein any theft offense as defined in section 2913.01 of the Revised Code or any felony."
 {¶ 38} R.C. 2911.13(B) reads: "(B) No person shall trespass on the land or premises of another, with purpose to commit a felony."
 {¶ 39} Both Sections (A) and (B) of this statute are felonies of the fifth degree.
 {¶ 40} The question is simply whether a fenced-in scrap yard is an "unoccupied structure" for purposes of the statute. The Eleventh Appellate District has said no. In State v. Barksdale
(Dec. 31, 1987), Lake App. No. 12-117, 1987 Ohio App. Lexis 1044, the appellate court found that a fenced-in yard is not an "unoccupied structure' for purposes of this statute. There are no Ohio cases contrary to this holding.
 {¶ 41} The majority urges that we read the words "unoccupied structure" to mean "a place of confinement or protection" and concludes that a fenced-in scrap yard qualifies under that definition. However, neither statute nor case law proffers such definition.
 {¶ 42} The majority then argues that a roof is not a necessary component to a "structure." No one, however, has suggested that it is.
 {¶ 43} Finally, the majority's analysis of the word "curtilage" is misplaced. The concept of "curtilage" has been applied by the courts exclusively to the area of search and seizure, justifying the extension of an otherwise properly obtained warrant for a house or other structure to certain areas exterior to the structure. It certainly is not applicable to a definition of "unoccupied structure" used as an element in the crime of breaking and entering.
 {¶ 44} Because I find that a fenced-in scrap yard is not an "unoccupied structure" for purposes of proving that element in a trial for breaking and entering, I would reverse the judgment of the trial court and vacate the conviction; the remaining error regarding sentencing would then be moot.